816 F.2d 678
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Mary Ann ASDOURIAN, Plaintiff-Appellant,
v.
OGDEN FOOD SERVICE CORPORATION, Defendant-Appellee.
 No. 86-1443.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before ENGEL and KRUPANSKY, Circuit Judges, and PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, Mary Ann Asdourian, appeals from an order granting summary judgment to defendant Ogden Food Service Corporation. The action is based on Michigan law and was removed from state court to the United States District Court for the Eastern District of Michigan because of diversity of citizenship.
 
 
 2
 Asdourian, who is single, became pregnant while she worked for defendant as a secretary. She left work before giving birth, and she asserts that her status as a single mother-to-be led defendant to fire her. Her claims are for breach of contract, dismissal without just cause under Toussaint v. Blue Cross & Blue Shield of Michigan, 408 Mich. 579 (1980), discrimination based on sex and marital status under Michigan's Elliott-Larsen Act, breach of an implied covenant of good faith and fair dealing, and intentional infliction of emotional distress.
 
 
 3
 Plaintiff was scheduled to go on maternity leave on September 9, 1983, but at defendant's direction she stopped working on August 12. She was paid as if she had worked until September 9, and she received benefits while on leave. The company policy manual promises that when an employee returns from medical leave, the company will make "every attempt ... to place [the employee] in the same position or in one of the same level of responsibility" as before leave. When plaintiff was ready to return to work in March 1984, defendant did not offer to reinstate her in her old job. Defendant contends that the job no longer existed because of a restructuring of the company, and that plaintiff was offered two alternative jobs as an office manager. These jobs were at least as good as plaintiff's previous job except that the new jobs were seasonal; to compensate for this shortcoming defendant promised to give plaintiff priority for transfer to non-seasonal work. When plaintiff refused these two jobs, defendant considered her a voluntary quit.
 
 
 4
 On her contractual claim, plaintiff alleges that the company did not make every effort to restore her to her former position. The district court held that the defendant refuted this claim. She also contends that the company violated her right to continued employment absent cause for discharge. This right, plaintiff says, derives from the existence of a probationary period that she survived, a performance review system, and a graduated disciplinary system. The district court ruled that there was no right to continued employment absent cause for discharge and that in any event plaintiff was not discharged.
 
 
 5
 On the discrimination claim, plaintiff testified that when one of her supervisors found out she was pregnant, he distanced himself from her. The district court held that the discrimination claim was speculative and that plaintiff had not presented facts suggesting that the company used her pregnancy to get rid of her.
 
 
 6
 The district court noted that Michigan law does not recognize a cause of action for breach of an implied covenant of good faith and fair dealing. On appeal plaintiff states only that this would be a good case for applying such a theory.
 
 
 7
 Finally, plaintiff argues that she has stated a claim for infliction of emotional distress, but she does not say which facts support the claim.
 
 
 8
 Upon a careful examination of all of the evidence available to the district judge, we are of the opinion that he did not err in granting summary judgment on all claims. Even construing all of the evidence most favorably to the plaintiff and after generous discovery, it is apparent that plaintiff's claims found support only in her own subjective feelings which were supported only by conjecture and not by any competent evidence which she demonstrated could be introduced at trial or in opposition to the motion for summary judgment.
 
 
 9
 AFFIRMED.